# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

NICOLAS GJERS,

        Plaintiff,

    v.

RUBALCAVA, et al.,

        Defendants.

Case No.  1:25-cv-00326-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

(ECF No. 10)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Nicolas Gjers ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 14, 2026, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant Rubalcava for excessive force in violation of the Eighth Amendment, but it failed to state any other cognizable claims.  (ECF No. 9.)  The Court granted Plaintiff leave to either file a first amended complaint or notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claim.  (*Id.*)  Plaintiff's first amended complaint, filed on February 9, 2026, is currently before the Court for screening.  (ECF No. 10.)

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Facility in Tehachapi, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Officer Rubalcava; and (2) Officer Moses.

Plaintiff alleges that on August 20, 2024, he was utilizing his outdoor recreational time on B Facility when prison officials announced a "yard down" situation to inmates, including Plaintiff.  (ECF No. 10 at 2.)  As soon as program resumed, a second incident began directly in front of Plaintiff.  Due to proximity of first incident, several officers were already in proximity.  According to the incident packet generated by CDCR, an armed inmate was swinging his weapon (knife) at multiple inmates, including Plaintiff.  Plaintiff was forced to defend himself and used

2

hand-to-hand methods only.  During this incident, Plaintiff was inexplicably knocked to the pavement, unconscious.

After the incident, CDCR 7362s (medical evaluation) were generated on all involved inmates, including Plaintiff.  Nurses noted Plaintiff's injury:  skin flap.  It was at this point Plaintiff was informed that he had been shot in the head.

Upon review of the incident packet, Plaintiff learned that he had been targeted by two (2) separate officers with 40mm launchers.  The report indicates that the shot that hit Plaintif's head was fired from Defendant Rubalcava's weapon.  During the 30-40 seconds that elapsed during this incident, sixteen (16) 40mm rounds were fired from a total of five (5) "block guns."  (ECF No. 10 at 2.)  Every officer that fired his/her weapon that day claims their target areas such as "lower left thigh" or "right calf."  (*Id.* at 2-3.)  Out of the sixteen (16) rounds fired, not one inmate was hit in the areas the officers were supposedly targeting.

Defendant Rubalcava claims to have aimed at Plaintiff's lower left thigh.  Plaintiff was struck in the back of the head, on the right side.  Defendant Rubalcava claims he did not see where his 40mm round struck and fails to mention seeing Plaintiff fall to the pavement, unconscious.  Defendant Rubalcava claims to have fired upon Plaintiff from a 75 ft.  Plaintiff alleges that this is a fabrication, the actual distance:  approx. 40 ft.  (ECF No. 10 at 3.)

In the following weeks, Plaintiff suffered taunting from a variety of officers.  (ECF No. 10 at 3.)  Plaintiff was called "Inmate Jackson" and was told he had made the shooter's family $20 richer.  Plaintiff eventually figured out the "Jackson" reference was used in connection to Andrew Jackson's face being on the $20 bill.  (*Id.*)  Plaintiff became aware of a "right-of-passage" game being played by a subset of CDCR officers at Tehachapi.  In the "head hunter" "game," initiates are rewarded $20 for head shooting an inmate.  (*Id.*)

Plaintiff alleges that required marksmanship scores for an officer to qualify to handle the aforementioned weapon is 66% accuracy or better.  Plaintiff contends the fact that out of five (5) shooters, not one hit what they claim to be their "intended target" paints the situation in a particularly disturbing light.  Plaintiff further contends that 0% marksmanship shows a level of disregard for not only inmate safety, but also the entire paper trail and procedures required by

3

CDCR that are treated as a mockery.  Plaintiff alleges that departmental policy forbids wanton firing on inmates (especially at neck/head) like fish in a barrel for the sake of enjoyment, targeting sensitive areas and causing max suffering merely because a fight is happening.

Since being shot, Plaintiff has been evaluated/treated 3x by med. staff for chronic (daily) headaches, and occasional nausea.  He also has experienced light sensitivity and forgetfulness (3-4x weekly).

Plaintiff asserts a claim for violation of the Eighth Amendment.  As relief, he seeks compensatory and punitive damages in the total amount of $65,000.

### III.   Discussion

### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendant Moses to his claims or any specific act or omission that allegedly violated Plaintiff's rights.  Indeed, Plaintiff fails to name Defendant Moses in any of his allegations.  Plaintiff's allegations are limited to the acts and/or omissions of Defendant Rubalcava.

### B.  Eighth Amendment - Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and

4

from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the allegations in the complaint, Plaintiff states a claim for excessive force in violation of the Eighth Amendment against Defendant Rubalcava.  However, as noted above, Plaintiff fails to link Defendant Moses to any of the allegations in his complaint and fails to state a cognizable claim against Defendant Moses.

///

5

### C.  Prison Policy Violations

To the extent Defendant Rubalcava is alleged to have failed to comply with applicable prison regulations/policies, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 F. App'x. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (explaining all section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### IV.    Conclusion and Recommendations

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Rubalcava for excessive force in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed February 9, 2026, (ECF No. 10), against Defendant Rubalcava for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 11, 2026**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE